**R. R. MASON et al., Appellants,**

v.

**C. A. RANDOLPH, Curator of the Estate of Allie R. Mason et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1957.

Rehearing Denied Sept. 27, 1957.

Turner & Jones, J. Wirt Turner, Jr., New Castle, for appellants.

Bernard B. Davis, Shelbyville, for appellees.

WADDILL, Commissioner.

The judgment cancels certain deeds and transfers of property from Mrs. Alice

Reece Mason to three of her sons, the appellants herein. The court held that Mrs. Mason lacked mental capacity to execute the transactions in question and also found that appellants obtained the property from Mrs. Mason by undue influence.

Appellants question the correctness of the judgment on the ground that the evidence does not sustain the court's findings. It is further contended that the court otherwise erred in instructing the jury and in permitting appellees' counsel to make an improper and prejudicial argument. Two other complaints regarding procedure have been raised.

On July 31, 1954, Mrs. Allie R. Mason, who was then 85 years of age and in failing health, instructed her attorney to transfer the greater part of her property valued at $90,000 to her sons, R. R. Mason, Leslie Mason, and Allie G. Mason, hereinafter referred to as appellants. Pursuant to Mrs. Mason's directions, substantially all of her personal property was transferred to appellants on July 31, 1954, but the deeds to her real estate were not executed until August 28, 1954.

On August 14, 1954, Mrs. Mason was admitted to a hospital where she remained on the advice of her physician until October 5, 1954.

When Z. E. Mason discovered that his mother was disposing of her property, he made inquiries concerning her mental condition. The information he obtained led him to file an inquest proceeding which resulted in Mrs. Mason being adjudged mentally incompetent. He and the curator of Mrs. Mason's estate, appellees herein, brought this action to set aside the transfers of property made by Mrs. Mason on July 31, and August 28, 1954, on the grounds she was mentally incompetent on the occasions in question and that appellants had obtained the property by undue influence.

Mrs. Mason died in June, 1955, prior to the trial of the instant action.

Subsequently, her will was found. However, the county court refused to probate it on the ground that she was mentally incompetent to execute it. An appeal was prosecuted, and was pending in the circuit court when the instant case was filed. The circuit court, over appellants' objections, assigned the present suit for trial in advance of the case appealed from the probate court. Under the circumstances, the circuit court did not abuse its discretion, because it appears to have been to the best interest of all concerned to obtain an adjudication of the issues in the instant case before proceeding with litigation involving Mrs. Mason's estate.

Following a trial, the court submitted the issues to an advisory jury which found that Mrs. Mason did not have mental capacity to dispose of her property on the occasions in question. Likewise, it was determined that appellants obtained the property from Mrs. Mason by undue influence. The court accepted the jury findings, and entered judgment voiding the deeds and transfers of property involved in the action.

We consider the proof on the issue of Mrs. Mason's mental capacity, particularly on July 31, and August 28, 1954, the dates when Mrs. Mason transferred her property to appellants. Dr. B. F. Shields, who was Mrs. Mason's physician, testified she was suffering from arteriosclerosis, and was very ill when she was hospitalized. He stated that Mrs. Mason's brain was affected by the disease; that she was kept under sedation and was unconscious for a period of five or six weeks during the treatment. He further stated that he knew her mental condition on August 28, 1954, and it was his opinion she was not mentally competent to transact business at that time. We quote his answer to a question about Mrs. Mason's mental condition on August 28, 1954: "She was still unconscious at that time." Dr. Shields was also positive that Mrs. Mason did not possess mental capacity to transact business on July 31, 1954. He testified rather fully concerning how Mrs.

Mason's mind had been impaired by the hardening of the arteries in her brain, and how a person suffering with such a disease will progressively become mentally enfeebled and more susceptible to the influence of other persons.

There was other testimony of a persuasive character to the effect that Mrs. Mason was mentally incompetent on the occasions when she gave her property to the appellants. This evidence, when considered in connection with Dr. Shields' testimony, leaves no doubt in our minds that the findings of fact of the circuit court are supported by the evidence.

 The testimony introduced in behalf of appellants tended to show that Mrs. Mason possessed mental capacity to dispose of her property. The attorneys who prepared the deeds and transfers of her property were of that opinion. There was other testimony to that effect. This testimony was in direct conflict with the proof introduced by the appellees which created a sharp issue of fact for the trial judge to resolve. Appellants contend that the evidence preponderates in their favor, and therefore we are not bound by the trial court's findings of fact. This argument overlooks the function of the circuit judge as trier of the facts. The determination of preponderance of the evidence is the ultimate issue he is called upon to decide, and we will not try the case de novo. It is for that reason we will not set aside the trial court's findings of fact unless they are clearly erroneous, as provided by CR 52.01. See: Clay, CR 52.01, Author's Comment 6; and Ironton Fire Brick Co. v. Burchett, Ky., 288 S.W.2d 47. On the evidence presented, the court's findings must be upheld.

The instructions are criticized, but we think they fairly presented the issues. In this action the verdict or finding of the jury was merely advisory, and the judge could have disregarded it and entered a judgment in conformity with his view of the evidence. Hence, the instructions should not be measured by the strict standard applicable where the verdict is controlling. See Stanley's Instructions to Juries, Second Edition, Vol. 1, Sections 3, 49, 50.

Appellants assert that counsel for appellees made an improper and prejudicial argument to the jury. We have considered the alleged improper remarks, but find no real basis for the claim that the statements of counsel were prejudicial.

Appellants insist that the circuit court should have held two separate hearings concerning Mrs. Mason's mental competency on the two dates when she transferred her property since she may have been mentally competent on one date and not on the other. We think the issues were so related that the court did not abuse its discretion by conducting one hearing. Clay, CR 42.01, Author's Comment No. 2.

Judgment affirmed.